By the Court.
 

 The gravamen of plaintiff’s action in the trial court was for negligence in failing to deliver the shipment after its arrival. The order bill of lading contained a provision that its surrender, properly indorsed, should be required before delivery of the property. It is conceded that no order bill of lading was presented to the railway company prior to 9 a. m. on July 2, 1917. It is further conceded that when the original order bill of lading was presented it was for a shipment consigned to Addison Bros., as consignees, and that, though describing the consignment as 175 barrels of potatoes, it called for a car other than that found in the company’s railroad yards. That car was designated
 
 G.
 
 A. No. 8615, while the bill of lading presented called for Gr. A. 8616. The statement of facts preceding this opinion are all substantially conceded by the parties.
 

 As we view this case, the question presented is whether such conceded facts preclude a recovery. It was conclusively shown that there was no negligence in failing to deliver on the part of the rail
 
 *192
 
 way company. When on the morning of July 2 the bill of lading was presented calling for an entirely different car from that which stood in the railroad yards, it became the duty of the company to exercise reasonable diligence in the establishment of its identity before delivery. That reasonable diligence was thus used is disclosed by the fact that, when apprised of the variance in car numbering, it at once telegraphed the consignor for instructions with reference to delivery. More than this it could not have done. To exact the delivery without investigation, of a car differing in designation from that called for in the bill of lading, would be a requirement of an act that might subsequently' prove to be hazardous for the railway company. Furthermore, not receiving an answer to his telegram, forwarded on the morning of July 2, the agent of the company, upon his own responsibility, on July 3 ordered the car delivered to the defendant in error. On July 5 a telegram dated July 4 was received from the shipper, ordering the car’s release. What exercise of care under the circumstances could be more reasonably expected than that utilized by the railway company we are a,t a loss to perceive. The complaint of the plaintiff was that the delivery of car No. 8615, at about 3 p. m. on July 3, was so late as to preclude him from obtaining haulage for the potatoes on the holiday succeeding. However, the railway company should not be held accountable for this, where otherwise, under the circumstances presented, it had reasonably performed its public duty in securing the identification of the car in question.
 

 
 *193
 
 For the reasons stated it is the opinion of this court that upon trial the motions for a directed verdict in favor of the defendant below should have been sustained. The judgments of the lower courts are therefore reversed, and, proceeding to render the judgment which the trial court should have rendered, this court renders judgment in favor of plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur.